IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
DISTRICT OF WYOMING
U.S. DISTRICT COURT

SEP 25 2013

U.S. MAGISTRATE JUDGE

NATIONAL SURETY
CORPORATION,

    Plaintiff,

vs.

CJM HOSPITALITY, LLC dba
HITCHING POST INN, *et al.*,

    Defendants.

Case No. 12-CV-03-F

---

CJM HOSPITALTY, LLC,

    Plaintiff,

vs.

NATIONAL SURETY
CORPORATION,

    Defendant.

Case No. 12-CV-101-F

**ORDER GRANTING DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO QUASH DEPOSITIONS**

This matter is before the Court on the motion of CJM Hospitality, LLC, d/b/a Hitching Post Inn ("CJM") and Atul Desai, Ajay Jariwala, Dipalie Jariwalla, and Dr. Purshottam Bhangdia (collectively, the "CJM Parties") for a protective order to quash

the depositions of Atul Desai, Dipalie Jariwalla and Dr. Purshottam Bhangdia noticed to occur on October 1st, 2nd and 8th of this year.

## Facts and Background

This litigation is the consolidation of two cases, the first of which was filed by CJM on December 7, 2011 in which CJM sought declaratory judgment and damages arising from breach of the insurance contract.[1] CJM owned and operated the Hitching Post Inn located in Cheyenne, Wyoming, which was substantially destroyed by fire on September 15, 2010. The Defendant in that matter was National Surety Corporation ("National Surety") who issued an insurance policy for the Inn. After extensive legal proceedings, that matter was transferred to the District of Wyoming and consolidated with *National Surety Corporation v. CJM Hospitality LLC; Atul Desal; Dr. Purshattam Bhangdia; Ajay Jariwala; Dipalie Jariwalla; Falgun Dharia; and Fidelity Bank of Florida, N.A.*, 12-cv-003. The Wyoming action was filed on January 5, 2012. In both its Complaint of January 2012 and its Answer of July 2012 National Surety alleged that coverage under the policy was lost due to the intentional acts of CJM and CJM Parties. "[National Surety] has no obligation to CJM because the loss was caused by dishonest, fraudulent and/or criminal acts by CJM (and/or its authorized representatives and/or persons to whom it entrusted its property) specifically excluded by the Policy—the incendiary fire of the Hitching Post Inn." (Complaint in 12-cv-03, Doc 1).

CJM's action was transferred to Wyoming by the United States District Court for the District of New Jersey in May of 2012 and these matters were consolidated in July 2012. The parties traded various legal pleadings for the remainder of 2012 and early 2013. The Court conducted an initial pretrial conference in these matters on March 11,

---

[1] CJM Hospitality LLC v. National Surety Corporation, 12-cv-00101.

2013. National Surety's Amended Complaint in this matter sets forth claims for: 1) declaratory relief on rescission of the insurance policy for misrepresentations in the insurance application; 2) declaratory relief on rescission of the insurance policy for misrepresentations and concealment during claim investigation; 3) declaratory relief for absence of coverage for failure to meet conditions precedent; 4) declaratory relief for absence of coverage due to dishonest, fraudulent or criminal acts; and 5) declaratory relief for absence of coverage for Fidelity Bank of Florida.[2]

## Discussion

CJM and CJM Parties have moved this court for voluntary dismissal of claims against National Surety and have further notified the Court that they are withdrawing their claims for insurance coverage arising from the fire at the Hitching Post Inn. The motion for dismissal is currently pending before this Court. If the motion is granted with prejudice it would appear that the only remaining insurance claim would be that of Fidelity Bank of Florida for coverage. The status of any insurance claim by Falgun Dharia appears uncertain at this time, but Mr. Dharia has not filed any claims in this litigation seeking a declaration of coverage or for breach of the insurance contract. In regard to CJM and CJM's Parties the only remaining claim, if the dismissal is granted, would be those of National Surety seeking declaratory judgment regarding coverage for the fire loss of the Hitching Post Inn. If CJM and CJM parties have in fact permanently forfeited their claim for coverage under the National Surety insurance policy, then its claims for declaratory judgment may be moot.

---

[2] National Surety's claims for damages pursuant to the Racketeer Influenced and Corrupt Organizations Act were dismissed by this Court on July 9, 2012.

Considering the pending motion for dismissal and its uncertain impact on the remaining issues in this matter, CJM and CJM Parties' assertions that these depositions may place an undue burden and unnecessary expense for the parties is well founded and good cause exists for the granting of this order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Therefore CJM and CJM Parties' Motion for Protective Order is hereby granted and the above listed depositions are vacated until such time as this Court has issued its ruling on the pending Motion for Voluntary Dismissal of Claims.

IT IS ORDERED that the Motion to Protective Order to Quash Depositions of Dipalie Jariwala, Atul Desai and Dr. Purshottam Bhangdia pursuant to Rule 26(c) Federal Rules of Civil Procedure is GRANTED.

Dated this 25th day of September, 2013.

Mark L. Carman
United States Magistrate Judge